IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEANNE TIPPETT and STEPHEN BAUER, on behalf of themselves and others similarly situated, | : : : : | Civil File No. 1:20-cv-5271 |
| Plaintiffs, | : : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| GROCERY DELIVERY E-SERVICES USA INC. DBA HELLO FRESH | : : : | |
| Defendant. | : : : | |

## PRELIMINARY STATEMENT

1.      Plaintiffs, Jeanne Tippett and Stephen Bauer ("Plaintiffs"), bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Grocery Delivery E-Services USA Inc. DBA Hello Fresh ("HelloFresh") repeatedly violated the TCPA by calling Plaintiffs and other putative class members without their consent using an automated telephone dialer system.

3.      Plaintiffs are former Hello Fresh customers and HelloFresh's repeated calls were part of a telemarketing campaign aimed at "winning back" their and other former customers' business.

4.      Because Hello Fresh called Plaintiffs and other putative class members *en masse*, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of HelloFresh.

5.      A class action is the best means of obtaining redress for Hello Fresh's widespread illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiff Jeanne Tippett is an adult resident of Michigan.

7.      Plaintiff Stephen Bauer is an adult resident of Michigan.

8.      Hello Fresh is a business headquartered in New York.

## JURISDICTION & VENUE

9.      The Court has federal question subject matter jurisdiction over these TCPA claims. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10.     The Court has personal jurisdiction over Hello Fresh because it is headquartered in this District.

11.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Hello Fresh is a resident of this District.

## BACKGROUND FACTS

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA prohibits automated telemarketing calls to cellular telephones

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service …." *See* 47 U.S.C. § 227(b)(1)(A).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules*

*and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278,

Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

17.     In 2012, the FCC required prior express written consent for all autodialed

or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential

lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be
> signed and be sufficient to show that the consumer: (1) received "clear and
> conspicuous disclosure" of the consequences of providing the requested
> consent, *i.e.*, that the consumer will receive future calls that deliver
> prerecorded messages by or on behalf of a specific seller; and (2) having
> received this information, agrees unambiguously to receive such calls at a
> telephone number the consumer designates.[] In addition, the written
> agreement must be obtained "without requiring, directly or indirectly, that
> the agreement be executed as a condition of purchasing any good or
> service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,

27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

<u>Calls to Mr. Bauer</u>

18.     Plaintiff Bauer is a "person" as defined by 47 U.S.C. § 153(39).

19.     Mr. Bauer's telephone number, (XXX) XXX-7600, is assigned to a cellular

telephone service.

20.     Mr. Bauer signed up for a Hello Fresh trial subscription in or around

March 2018.

21.     Shortly after signing up, however, Mr. Bauer decided to terminate his

relationship with Hello Fresh.

22.     Hello Fresh allows consumers to "pause" their accounts if they wish to stop receiving meal delivery kits but want to remain active account holders.

23.     Alternatively, consumers can terminate their relationship with Hello Fresh entirely by "deactivating" their accounts.

24.     Mr. Bauer ended his trial subscription with Hello Fresh and wanted to terminate his relationship with the company, so he deactivated his account in or around April 2018.

25.     Soon after Mr. Bauer deactivated his account, Hello Fresh repeatedly called his cellphone. The purpose of Hello Fresh's calls was to solicit, or "win back," his business as a Hello Fresh subscriber.

26.     The calls annoyed Mr. Bauer and invaded his privacy, causing him to ask Hello Fresh's representatives to stop calling him on multiple occasions. Hello Fresh ignored his requests and continued calling him.

27.     Mr. Bauer even emailed Hello Fresh three times asking them to stop the calls, but they continued.

28.     Mr. Bauer then filed a complaint with the Better Business Bureau, Serving Metropolitan New York, complaining about Hello Fresh's conduct. On information and belief, that complaint was shared with Hello Fresh. Regardless, Hello Fresh continued calling Mr. Bauer.

29.     Mr. Bauer believes he received calls on at least the following days:

    a.  April 23, 2018;

    b.  April 24, 2018;

    c.  April 25, 2018;

    d.  April 26, 2018;

    e.  April 27, 2018;

    f.  May 4, 2018; and

    g.  May 10, 2018.

<u>Calls to Ms. Tippett</u>

30.    Plaintiff Tippett is a "person" as defined by 47 U.S.C. § 153(39).

31.    Ms. Tippett's telephone number, (XXX) XXX-0166, is assigned to a cellular telephone service.

32.    Ms. Tippett signed up for a Hello Fresh trial subscription in or around early 2018.

33.    Ms. Tippett ended her trial subscription and deactivated her account shortly thereafter, terminating her relationship with Hello Fresh.

34.    Hello Fresh subsequently started calling Ms. Tippett's cellphone to solicit, or "win back," her business.

35.    The calls annoyed Ms. Tippett and invaded her privacy, so she asked Hello Fresh to stop calling her on multiple occasions.

36.    For approximately a year after her last request, the calls stopped.

37.     However, the calls began again in 2019.

38.     Ms. Tippett received four calls from Hello Fresh on February 6, 2019.

39.     Ms. Tippett received at least three other calls that week.

Hello Fresh's dialing system is an ATDS

40.     Hello Fresh's calls were made with an automatic telephone dialing system ("ATDS"), as that term is defined by the TCPA.

41.     The calls followed a pattern.

42.     Before the call was connected to a live individual there was a distinctive "click and pause" sound, which is associated with a predictive dialing system.

43.     The pause signifies the algorithm of the predictive dialer operating. The predictive dialer dials thousands of numbers at once and only transfers the call to a live agent once a human being is on the line.

44.     The dialing system used by Hello Fresh's call center also has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

45.     Loading a list of telephone numbers into the dialing system and pressing a single command does this.

46.     This would be done without any human intervention or further effort.

47.     The dialing system used by Hello Fresh's call center is driven by software that uses an algorithm that determines when Hello Fresh will make a phone call. The

dialer makes this determination automatically and without human intervention. These characteristics, too, are indicative of an ATDS.

48.     Plaintiffs experiences were consistent with the traits of an ATDS.

49.     In fact, receiving multiple calls in a day, or in a short time, despite the fact that the Plaintiffs had requested to a human being that the calls stop, are consistent with an automated process.

50.     Plaintiffs and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls, and their privacy was improperly invaded. Moreover, these calls injured Plaintiffs and the other call recipients because they were frustrating, obnoxious, annoying, a nuisance, and disturbed the solitude of Plaintiffs and the class.

## CLASS ACTION ALLEGATIONS

51.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

52.     The Class of persons Plaintiffs propose to represent is tentatively defined as:

> **Autodialed Class:** All persons in the United States who, from February 21, 2017, to the filing of this action: (1) Hello Fresh (or an agent acting on behalf of Hello Fresh) called; (2) using the same or similar dialing equipment used to call Plaintiffs; (3) on their cellular telephones; and (4) for whom Hello

Fresh claims (a) it obtained prior express written consent in the same manner as Hello Fresh claims it obtained prior express written consent to call Plaintiffs, or (b) Hello Fresh does not claim to have obtained prior express written consent; and (5) who were not current customers of Hello Fresh at the time of the call.

This is referred to as the "Class."

53.     Excluded from the Class is counsel, Hello Fresh, and any entities in which the Hello Fresh has a controlling interest, the Hello Fresh's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

54.     The Class as defined above are identifiable through phone records, phone number databases, and business and customer records of Hello Fresh.

55.     The potential members of the Class number at least in the thousands.

56.     Individual joinder of these persons is impracticable.

57.     The Plaintiffs are a member of the Class.

58.     There are questions of law and fact common to Plaintiffs and to the proposed Class, including but not limited to the following:

(a) whether Hello Fresh used an ATDS to make its calls to the members of the Autodialed Class;

(b) whether Hello Fresh made calls to Plaintiffs and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Hello Fresh's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Hello Fresh's conduct.

59.     Plaintiffs' claims are typical of the claims of members of the Class.

60.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

61.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Hello Fresh and/or their agents.

62.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the Autodialed Class)**

63.     Plaintiffs repeat the prior allegations of this Complaint and incorporate them by reference herein.

64.     The foregoing acts and omissions of Hello Fresh and/or its affiliates, agents, and/or other persons or entities acting on Hello Fresh's behalf constitute

10

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an autodialer to Plaintiffs' and Class members' cellular telephones.

65.     Hello Fresh's violations were negligent, willful, or knowing.

66.     Plaintiffs and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each violative call Hello Fresh is responsible for making, including violative calls made by Hello Fresh, its affiliates, agents, or other persons or entities acting on Hello Fresh's behalf.

67.     Plaintiffs and members of the Class are also seek injunctive relief prohibiting Hello Fresh and/or its affiliates, agents, and/or other persons or entities acting on Hello Fresh's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiffs as representatives of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Hello Fresh and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

11

E.      An order enjoining Hello Fresh and/or its affiliates, agents, and/or other persons or entities acting on Hello Fresh's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

F.      An award to Plaintiffs and the Class of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiffs requests a jury trial as to all claims of the complaint so triable.**

Dated July 9, 2020                    Respectfully submitted,

                                      */s/Stacey P. Slaughter*

                                      **ROBINS KAPLAN LLP**

                                      Stacey P. Slaughter (4937967)
                                      399 Park Avenue, Suite 3600
                                      New York, NY 10022
                                      212-980-7400
                                      sslaughter@robinskaplan.com

                                      **TURKE & STRAUSS LLP**

                                      Samuel J. Strauss (*pro hac vice* application forthcoming)
                                      936 N. 34th Street, Suite 300
                                      Seattle, WA 98103
                                      608-237-1775
                                      Sam@turkestrauss.com

                                      **PARONICH LAW, P.C.**

Anthony I. Paronich (*pro hac vice* application
forthcoming)
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiffs and proposed class*